JOSEPH P. RUSSONIELLO (SNB 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Assistant United States Attorney
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7264
Facsimile:  (415) 436-6748
Email:  abraham.simmons@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHANNON O. MURPHY,<br><br>               Plaintiff,<br><br>    v.<br><br>UNITED STATES ARMY NATIONAL GUARD (CALIFORNIA), BATTERY S, 143RD FIELD ARTILLERY,<br><br>               Defendant. | Case No. 08-763 PJH<br><br>**RENOTICE OF MOTION<br>AND MOTION TO DISMISS**<br><br>Date:    April 23, 2008<br>Time:   9:00 a.m.<br>Place:   Courtroom 3, 17th Fl.<br>Before: Hon. Phyllis J. Hamilton |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on April 23, 2008 at 9:00 a.m., before the Hon. Phyllis J. Hamilton, District Judge, 450 Golden Gate Avenue, San Francisco, California, defendant, by and through its attorney of record, will move this Court for an order dismissing this case for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted. This motion is made pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that (1) plaintiff's claims concern matters that are barred by the U.S. Supreme Court's decision in *Feres v. United States*, 340 U.S. 135 (1950), (2) plaintiff has not filed an administrative claim that is a prerequisite for filing a tort claim against the United States government, and (3) plaintiff has not otherwise stated a valid cause of action against the United States Army National Guard.

This motion is based on this Renotice; the following points and authorities filed in support of the motion; the Notice of Removal filed in this matter including the attachments thereto; the Declarations of David L. Kauffman and Lorenzo Ferguson filed herewith, and on such oral argument and additional evidence as the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  STATEMENT OF RELIEF SOUGHT

Defendant requests an order dismissing the complaint with prejudice and granting such other relief as the Court deems appropriate.

### II.  ISSUES TO BE DECIDED

A. Whether plaintiff's claims must be dismissed for lack of subject matter jurisdiction because they are barred by the U.S. Supreme Court's decision in *Feres v. United States*, 340 U.S. 135 (1950).

B. Whether plaintiff's must be dismissed for lack of subject matter jurisdiction because plaintiff failed to exhaust administrative remedies that are a prerequisite to filing tort claims against the federal government.

C. Whether plaintiff's misrepresentation claims must be dismissed for lack of subject matter jurisdiction because the government has not waived immunity for such claims.

D. Whether, in the event that his court has subject matter jurisdiction over any claim, plaintiff has stated a claim upon which relief may be granted with respect to such claim.

### III.   STATEMENT OF THE FACTS

On September 18, 2007, Shannon O. Murphy filed a seven-page form complaint in the Superior Court of California for the County of Contra Costa.  Complaint at 1.  The complaint named only one defendant: the United States Army National Guard (California), Battery S, 143rd Field Artillery. Generally, the complaint concerns the fact that plaintiff received orders in September of 2004 allegedly requiring him unexpectedly to be away from his residence.

The form complaint is comprised of four sections.  The first section is the two-page form for state law contract actions. Complaint at 1.  In this section of the complaint, plaintiff has not checked all the boxes pertaining to contract actions and has added a hand-written note stating that the case concerns causes of action for fraud, kidnaping, discrimination and child abuse.  Complaint at 1-2.  In this section, plaintiff prays for three million dollars and unspecified interest in this section of the complaint.

The second section of the complaint is the two-page form for a state law cause of action for fraud. Complaint at 3.  In this section, plaintiff alleges he received improper instructions on September 17, 2004.  Specifically, plaintiff alleges a first sergeant concealed orders from him until "a time when discrimination would take place and tho cause undue hardship . . .."  Complaint at 3.  Plaintiff further alleges someone promised to take him back to his place of residence so that he could retrieve his medication but that the person had no intent to perform the promise.  Complaint at 3. Additionally, plaintiff alleges that as a result of the fraud, he suffered unspecified discrimination, hardship, physical and mental distress, and loss of confidence in the US. Army.  Plaintiff further alleges his family suffered hardship as well. Complaint at 4.

The third section of the complaint is a one-page attachment for state law intentional torts. Complaint at 5.  Plaintiff alleges that he was instructed to remove himself from his place of residence "with confidence that a return home to residence would take place."  Plaintiff alleges that the First Sergeant knew or should have known that additional orders eventually would be given which required plaintiff to remain at his duty station.  Complaint at 5.

The fourth section is a two-page type-written addendum that includes a statement of facts and a paragraph entitled, "Military waiver of Civilian jurisdiction: (legal relations)."  Complaint at 6-7. Plaintiff states that on or about September 17, 2004, he was asked to attend a "family deployment

orientation" in Richmond Californa, that he was ill and that he had been taking medication. Complaint at 6. There are no allegations describing why the request was improper. The final paragraph appears to be a request to proceed without regard to the possible applicability of any statutes of limitations.

There is no record plaintiff ever filed a tort claim with the National Guard. *See* Declarations of David L. Kauffman and Lorenzo Ferguson, filed herewith.

## IV.  ARGUMENT

### A.  Standards of Review

Under Rule 12(b)(1), the burden is on the plaintiff to prove by a preponderance of the evidence that the district court has subject matter jurisdiction. *Thornhill Publishing Co. v. General Telephone Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). Further, federal jurisdiction is presumed not to exist "unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The moving party should prevail if "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed as a matter of law generally for only two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). A motion to dismiss for failure to state a claim should be granted only if it appears to a certainty that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *SEC v. Seaboard Corp.*, 677 F.2d 1315, 1316 (9th Cir. 1982). Under 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Although a plaintiff's allegations are taken as true, the court need not accept conclusory allegations of law or unwarranted inferences, and dismissal is required if the facts are insufficient to support a cognizable claim. *Perfect 10, Inc. v. Visa Intern. Service Ass'n,* 494 F.3d 788, 794 (9th Cir. 2007) citing *City of Arcadia v. U.S. Envtl. Prot. Agency*, 411 F.3d 1103, 1106 n. 3 (9th Cir. 2005); *Pena*

*v. Gardner*, 976 F.2d 469, 471-72 (9th Cir. 1992). The Court must also draw all reasonable inferences from plaintiffs' factual allegations, but the Court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1462 (C.D. Cal. 1996) (*citing Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied*, 454 U.S. 1031 (1981)).

**B.      This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Because They Are Barred By The Feres Doctrine, Plaintiff Has Not Exhausted His Administrative Remedies And The Government Has Not Waived Its Immunity For Plaintiff's Misrepresentation Claims.**

**1.      Plaintiff's Claims Are Barred By The Feres Doctrine**

Under the doctrine of sovereign immunity, the government is immune from suits by its citizens, except when the government has given its consent to being sued. *Dalehite v. United States*, 346 U.S. 15, 30 (1953). The terms of that consent define a federal court's jurisdiction to entertain such suit. *United States v. Testan,* 424 U.S. 392 (1976). The FTCA is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or employees acting within the scope of their employment. *Smith v. United States,* 507 U.S. 197 (1993) *citing* 28 U.S.C. §1346(b). The FTCA applies to the National Guard, see 28 U.S.C. § 2671, and all limits and conditions within the FTCA are to be strictly construed in favor of the sovereign. *McNeil v. United States,* 508 U.S. 106 (1983).

One exception to the waiver of immunity involves "[a]ny claim arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war." *Id*. § 2680(j). This exception was broadened significantly by the Supreme Court in *Feres v. United States,* 340 U.S. 135 (1950). In *Feres*, the Court concluded that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146. This broad exception has been labeled "the Feres doctrine." *See Costo v. United States*, 248 F.3d 863, 866 (9th Cir. 2001).

Here, the allegations of the complaint make clear plaintiff seeks to base his claims on injuries that allegedly arose in the course of activity incident to service. The crux of the complaint is that plaintiff was told by a sergeant to attend a "family deployment orientation" in Richmond, California. Plaintiff also appears to allege that because he was asked to or actually did attend the orientation, he suffered some harm. There are no injuries alleged that result from any other activities from the

defendant. Because all the alleged injuries alleged in the complaint clearly are "incident to service," plaintiff's claims all are barred by the Feres doctrine and should be dismissed with prejudice.

**2.     Plaintiff's Claims Are Barred For The Additional Reason That Plaintiff Has Not Filed A Timely Administrative Claim.**

Another key prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident. 28 U.S.C. §2401 (b) provides:

> (b) [A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The requirement of filing an administrative claim is jurisdictional and cannot be waived. *Blain v. United States,* 552 F.2d 289, 291 (9th Cir. 1977) (per curiam). The jurisdictional minimum requirement for a tort claim includes a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and a sum certain damages claim. *Burns v. United States*, 764 F.2d 722 (9th Cir. 1985). The sum certain requirement demands more than mere general notice to the government of approximate amount of the claim. *Caidin v. United States,* 564 F.2d 284, 287 (9th Cir.1977). Failure to comply with the sum certain requirement results in the case being treated "as if no administrative claim had ever been filed." *Id.; see also Caton v. United States*, 495 F.2d 635, 637-38 (9th Cir.1974). Additionally, the party submitting the claim must sign the administrative complaint. *See Blain*, 552 F.2d at 291. In the absence of proof that an administrative claim was timely filed, a complaint filed pursuant to the FTCA is properly dismissed. *See Vacek v. United States Postal Service*, 4447 F.3d 1248 (9th Cir. 2007).

Here, plaintiff cannot demonstrate that he filed a timely administrative claim with the United States National Guard. The record also establishes that plaintiff failed to file a tort claim. *See* Declarations of David L. Kauffman and Lorenzo Ferguson. The absence of such a claim is an insurmountable hurdle to pursuing this lawsuit. Accordingly, the complaint and action should be dismissed with prejudice.

//
//
//

### 3. In Any Event, Plaintiff's Misrepresentation Claims Are Not Cognizable Under The FTCA

Liberally construed, the pro se complaint attempts to state a cause of action for breach of contract, fraud and intentional misrepresentation. The FTCA does not permit suit against the government for the latter two types of claims.

With respect to misrepresentation, the FTCA bars claims whether the alleged misrepresentation is negligent or willful. 28 U.S.C. sec. 2680(h); *United States v. Neustadt*, 366 U.S. 696 (1961). The FTCA specifically excludes "[a]ny claim arising out of ... misrepresentation, deceit, or interference with contract rights" from the waiver of government liability. 28 U.S.C. § 2680(h). The label provided by plaintiff for his tort claim does not change the result. To determine whether a claim is barred by section 2680(h), "we look beyond the labels used" by the plaintiff. *Pauly v. U.S. Dept. of Agri.,* 348 F.3d 1143, 1151 -1152 (9th Cir. 2003), quoting *Thomas-Lazear v. FBI,* 851 F.2d 1202, 1207 (9th Cir.1988). This court should "examine whether the conduct upon which the claim is based constitutes one of the torts listed in § 2680(h)." *Sabow v. United States,* 93 F.3d 1445, 1456 (9th Cir.1996). As stated in *Pauly*,

> "[T]he essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies." *Block v. Neal,* 460 U.S. 289, 296, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983). The [plaintiffs'] allegations against [defendant] fall squarely within this definition. The injuries they claim are entirely the result of allegedly inaccurate information provided by [defendant], either by design (fraud) or by inadvertence (negligent misrepresentation). Therefore, their tort claims are barred by section 2680(h), and the district court properly dismissed them.

*Pauly*, 348 F.3d at 1151 -1152.

The result in this case is clear. Plaintiff simply is not permitted to bring tort claims against the United States based upon a misrepresentation. The gravamen of the complaint is that plaintiff was tricked into attending a seminar. There is no governmental waiver of immunity for such claims. The misrepresentation-based claims should be dismissed with prejudice.

### C. Even If This Court Were To Have Subject Matter Jurisdiction Over One Or More Of Plaintiff's Claims, Plaintiff Has Failed To State A Claim Upon Which Relief Can Be Granted With Respect To Such Claim.

Liberally construed, the pro se complaint attempts to state a cause of action for breach of contract, fraud and intentional misrepresentation. There are simply no facts alleged from which all the elements of any such cause of action can be construed.

1  In general, to establish a breach of contract claim, one must show (1) mutuality of intent to
2  contract; (2) consideration; and (3) lack of ambiguity in offer and acceptance. *Lewis v. United States*, 70
3  F.3d 597, 600 (Fed.Cir.1995).  Plaintiff does not begin to allege these facts.  Instead, the complaint
4  plaintiff alleges only that while he was in the National Guard, he was required to remain at a training
5  even though he was told he would have a chance to return home.  These allegations are wantonly
6  insufficient to establish a cause of action for breach of contract against the government.
7  Similarly, the indispensable elements of a fraud claim include a false representation, knowledge
8  of its falsity, intent to defraud, justifiable reliance, and damages. *Vess v. Ciba-Geigy Corp. USA*, 317
9  F.3d 1097, 1105 (9th Cir.2003).  The complaint does not contain allegations regarding who intended to
10 defraud plaintiff, why his reliance was justified or the damages he sustained as a result.
11 Plaintiff's misrepresentation-based claims fair no better.  In the absence of additional facts, it is
12 difficult to discern the type of misrepresentation and, thus, the elements of the claim plaintiff is
13 attempting to prove.  Nevertheless, the basis for a misrepresentation claim are similar to those of fraud
14 (see, *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996) (the elements of deceit under California law
15 are misrepresentation, knowledge of falsity, intent to defraud, justifiable reliance, and resulting
16 damage)), and plaintiff has not alleged facts from which it can be determined that someone intended to
17 defraud plaintiff, that he reasonably relied on the fraudulent representation and that he was damaged
18 thereby.

### V.  CONCLUSION

20  The complaint should be dismissed in its entirety.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: March 4, 2008       By:        /s/
                           ABRAHAM A. SIMMONS
                           Assistant United States Attorney

Defendant's Notice of Motion
and Motion To Dismiss
Case No. C 08-00763 PJH

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**RE-NOTICE OF MOTION AND MOTION TO DISMISS**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

X    FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____    CERTIFIED MAIL (# ) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____    PERSONAL SERVICE (BY MESSENGER)

____    FEDERAL EXPRESS via Priority Overnight

____    EMAIL

____    FACSIMILE (FAX)

to the party(ies) addressed as follows:

Shannon O. Murphy, Pro Se
General Delivery
El Cerrito, CA 94530
PH: 510.219.9180

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this March 4, 2008 at San Francisco, California.

                                        /s/_____
                                        LILY HO-VUONG
                                        Legal Assistant