UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHANNON O. MURPHY,

    Plaintiff,

    v.

U.S. ARMY NATIONAL GUARD,

    Defendant.
_____/

No. C 08-0763 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendant's motion for an order dismissing the above-entitled action for lack of subject matter jurisdiction and failure to state a claim came on before this court on May 21, 2008. Pro se plaintiff Shannon O. Murphy did not file a written opposition to the motion, and did not appear at the hearing. Defendant United States of America appeared by its counsel Assistant United States Attorney Abraham Simmons. Having read defendant's papers and carefully considered its arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

    Plaintiff filed this action on September 18, 2007, in the Superior Court of California, County of Contra Costa. Named as defendant is the United States Army National Guard (the California Army National Guard), Battery S, 143rd Field Artillery. The complaint alleges claims of fraud, kidnaping, discrimination, and child abuse.

    On January 31, 2008, the United States removed the action. On February 8, 2008, the United States filed a motion to dismiss for lack of jurisdiction. Because of some uncertainty regarding whether plaintiff had been served with the motion to dismiss and

other papers filed in the case,[1] the court continued the hearing date to May 21, 2008. In that order, filed April 11, 2008, the court set a due date of April 30, 2008, for the opposition, and advised the parties that if no opposition was filed, the motion would be decided on the moving papers only. As of May 7, 2008 (the date the reply brief was due), no opposition had been filed. On that date, the United States filed a "Statement of Non-Receipt" of the opposition, and a request that the motion be decided without further briefing, per the April 11, 2008 order.

Although the allegations are not entirely clear, plaintiff appears to be complaining that he received orders in September 2004 which required him to be unexpectedly away from his residence. Plaintiff prepared the complaint using California Judicial Council forms. The complaint includes the two-page form for contract actions, but that form does not include any factual allegations.

The complaint also includes the two-page form attachment for fraud actions. On that form, plaintiff alleges that in September 2004, a sergeant "concealed orders" from him until "a time when discrimination would take place" and "to cause undue hardship" to plaintiff. He asserts that defendant made a promise to return plaintiff to his place of residence on September 17, 2004, so that plaintiff could retrieve his medication. He alleges that because of his reliance on defendant's promise, he was damaged by discrimination and hardship, and family members' hardship, and also suffered physical and mental distress, including a loss of confidence in the U.S. Army.

In addition, the complaint includes a one-page form attachment for tort actions. On this form, plaintiff alleges,

> Plaintiff was in fact instructed to remove self from place of residence with confidence that a return home/ to residence would take place (necessary medication and home/household security were at harm's) potential and

---

[1] Mail addressed to plaintiff at the address on the complaint (General Delivery, El Cerrito, California) was returned by the Post Office as "undeliverable" on March 5 and 14, 2008. The United States then served plaintiff with copies of the motion to dismiss and other papers at a different address (General Delivery, Berkeley, California). The order continuing the hearing date was sent to both addresses. However, on May 12, 2008, mail addressed to both addresses was returned as "undeliverable" by the Postal Service.

remained for disposition unsecure.  To include (children) of plaintiff by Defendant(s), namely 1st Sgt. [illegible] 143 FA; S. Battery, who knew or should have been aware of his troop(s) standard order(s): disposition to be distributed abroad his command.  In that of those orders SPC Shannon O. Murphy did in fact have requirement to remain at duty station(s) to follow further details of those specific orders this would not allow – the terms of defendant to return Spc. Murphy back to place of residence, or otherwise contradict his said intent to return plaintiff to place of residence (home where child was present responsibility) with knowledge of order(s) for Spc. Murphy proposed to be in effect

Attached to the complaint is a two-page type-written addendum that includes a statement of facts and a paragraph entitled "Military waiver of civilian jurisdiction (legal relations).  The statement of facts is as follows:

On or About 9/17/04, SPC. Shannon O. Murphy was asked to remove himself From his place of residence by his former primary units; (143rd FA, Battery S) First Sergeant, Montamo; I Spell as correct my knowledge.  I was told that a family deployment orientation gathering was in progress the Unit Armory at 624 Carlson Blv. Richmond, Calif.  And that I should attend.  I explained that I was still suffering from illness due of residual dental operation.  I attained the 144th FA Battery – F, mobilization processing; Operation Iraqi-Freedom.  I also stress the fact that I had been taking medication and should Be cautious of that fact.  I said I was not feeling well.

The United States argues that the court lacks subject matter jurisdiction for four reasons.  First, the United State asserts that under <u>Feres v. United States</u>, 340 U.S. 135 (1950), the government is not liable under the Federal Tort Claims Act ("FTCA") for injuries to servicemen when those injuries arise out of or are in the course of activity incident to service.  <u>Id.</u> at 146.  This doctrine is known as the "<u>Feres</u> doctrine."  <u>Costo v. United States</u>, 248 F.3d 863, 866 (9th Cir. 2001).  The United States asserts that in this case, because the injuries plaintiff complains of allegedly arose in the course of activity incidental to military service, the court lacks subject matter jurisdiction over plaintiff's claims.

Second, the United States argues plaintiff failed to exhaust administrative remedies under the FTCA before filing this action.  An administrative claim under the FTCA must be filed within two years of the incident.  28 U.S.C. § 2401(b).  Here, the United States provides evidence in the form of declarations indicating that there is no record that plaintiff ever filed an administrative claim with the California Army National Guard, Battery S, 143rd Field Artillery, or with the U.S. Army Claims Service in general.  <u>See</u> Declaration of Lorenzo

Ferguson; Declaration of David L. Kauffman.

Third, the United States asserts that plaintiff's claims of fraud and intentional misrepresentation are not cognizable under the FTCA. 28 U.S.C. § 2680(h). The United States contends that the gravamen of the complaint is that plaintiff was tricked into attending a seminar, and asserts that there is no governmental waiver of immunity for such claims.

Fourth, the United States argues that even if the court were to find that it had subject matter jurisdiction over one or more of plaintiff's claims, plaintiff has failed to state a claim upon which relief can be granted. The United States asserts that to the extent that plaintiff intends to assert a breach of contract claim, he has alleged no facts to support the elements of such a claim; and that to the extent that plaintiff intends to allege a fraud claim or a misrepresentation claim, he has not pled facts supporting the elements, and has not pled with particularity.[2]

The court finds that the motion must be GRANTED, and the complaint dismissed for lack of subject matter jurisdiction. The action is barred under the Feres doctrine, and plaintiff failed to exhaust administrative remedies. As an alternative basis for dismissal, the court finds that plaintiff has failed to keep the court apprised of his current address. See Civil Local Rule 3-11(b).

**IT IS SO ORDERED.**

Dated: May 21, 2008

PHYLLIS J. HAMILTON
United States District Judge

---

[2] The United States does not mention the kidnaping or child abuse claims, but the court notes that it is not clear who plaintiff alleges was kidnaped, or by whom, and does not allege which child was abused, or by whom. Moreover, kidnaping and child abuse are generally considered criminal offenses, not torts.

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SHANNON O MURPHY,

        Plaintiff,

  v.

US ARMY NATIONAL GUARD et al,

        Defendant.

Case Number: CV08-00763 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shannon O. Murphy
General Delivery
El Cerrito, CA 94530

Shannon O. Murphy
General Delivery
Berkeley, CA 94704-9999

Dated: May 22, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk